UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

**RAY DONOVAN NEVELS,**

    Petitioner,

v.                                            Case No. 8:20-cv-92-T-33JSS

**SECRETARY, DEPARTMENT
OF CORRECTIONS,**

    Respondent.
_____/

## ORDER

This cause is before the Court on Ray Donovan Nevels's timely-filed *pro se* amended petition for writ of habeas corpus, filed under 28 U.S.C. § 2254. (Doc. 10). Respondent filed a response opposing the petition. (Doc. 14). Nevels did not file a reply. Upon consideration, the Court **ORDERS** that the petition is **DENIED**.

Nevels challenges the convictions entered in state case number 2012CF007554, under which the State of Florida charged him with one count of failure of a sex offender to notify the Sheriff's Office within 48 hours of a change of address and one count of failure of a sex offender to register a change of address with the Department of Highway Safety and Motor Vehicles. (Doc. 14-2, Ex. 9, pp. 45-46). Nevels was found guilty after a bench trial. The state court sentenced him to an overall term of nine years in prison, followed by one year on sex offender probation. (Doc. 14-3, Ex. 9, pp. 26-29).

Nevels raises four claims for relief in his amended petition. First, Nevels contends that the order of probation form entered pursuant to Florida Rule of Criminal Procedure 3.986(e) is defective because it is missing his signature "in the space on the bottom of

1

the form." (Doc. 10, p. 7). In Ground Three, Nevels raises the related claim that the order of probation form was not "rendered" by the state Clerk of Court within the meaning of Rule 9.020(i), Florida Rules of Appellate Procedure, because the form was not signed.[1] (*Id.*, p. 12). In Ground Two, Nevels argues that the state court erred in finding the allegedly unsigned form to be a valid order of probation. Finally, in Ground Four, Nevels contends that the trial court erred in failing to order a mental health expert to testify on Nevels's behalf at the sentencing hearing.

Section 2254 of Title 28 of the United States Code provides persons in custody pursuant to state court judgments a means to challenge the validity of their state convictions. As explained in *Medberry v. Crosby*, 351 F.3d 1049, 1062 (11th Cir. 2003), "[a] state prisoner seeking post-conviction relief from a federal court has but one remedy: an application for a writ of habeas corpus. . . . That is, if a state prisoner is 'in custody pursuant to the judgment of a State court,' his petition is subject to § 2254." To obtain relief under § 2254, a petitioner must show that he is in custody in violation of the Constitution, laws, or treaties of the United States. 28 U.S.C. § 2254(a).

Respondent correctly argues that the claims in Nevels's amended petition are not cognizable in this § 2254 proceeding because the claims do not allege violations of Nevels's federal constitutional rights. Nevels does not label his claims as federal. Nor does he cite to any federal constitutional provision or other federal authority. Moreover, his claims plainly involve the correctness of state court orders and proceedings under state law.

---

[1] Rule 9.020, Florida Rules of Appellate Procedure, defines certain terms used in the Rules of Appellate Procedure. Rule 9.020(h) provides that an order "is rendered when a signed, written order is filed with the clerk of the lower tribunal."

A matter of state law provides no basis for federal habeas relief because no federal constitutional question is presented. *See Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991) ("[I]t is not the province of a federal habeas court to reexamine state-court determinations on state-law questions. In conducting habeas review, a federal court is limited to deciding whether a conviction violated the Constitution, laws, or treaties of the United States."); *Wainwright v. Goode*, 464 U.S. 78, 83 (1983) ("[F]ederal courts may intervene in the state judicial process only to correct wrongs of a constitutional dimension.").

Since federal habeas corpus relief is only available upon a showing of a deprivation of a federal right, claims that merely allege violations of state law are not cognizable in § 2254 proceedings. *See Branan v. Booth*, 861 F.2d 1507, 1508 (11th Cir. 1988) (affirming the dismissal of a state law claim as not cognizable in a federal habeas action and stating that "a habeas petition grounded on issues of state law provides no basis for habeas relief."). Nevels's claims for relief are not cognizable in this federal habeas proceeding.

Accordingly, it is **ORDERED** that Nevels's amended petition (Doc. 10) is **DENIED**. The **CLERK** is directed to enter a judgment against Nevels and to **CLOSE** this case.

### CERTIFICATE OF APPEALABILITY AND LEAVE TO APPEAL *IN FORMA PAUPERIS* DENIED

It is **ORDERED** that Nevels is not entitled to a certificate of appealability ("COA"). A prisoner seeking a writ of habeas corpus has no absolute entitlement to appeal a district court's denial of his petition. 28 U.S.C. § 2253(c)(1). Rather, a COA must first issue. *Id.* "A [COA] may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right." *Id.* at § 2253(c)(2). Nevels has not made the requisite showing.

Finally, because Nevels is not entitled to a COA, he is not entitled to appeal *in forma pauperis*.

**ORDERED** in Tampa, Florida, on August 14, 2020.

VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE

Ray Donovan Nevels
Counsel of Record